Archibald C. Wemple, J.
The record of 259 pages, covering a three-day trial of the offense of disorderly conduct, indicates that the defendant, together with other high school students from Amsterdam and Grloversville, was arrested on March 4, 1959 after an incident at Linton High School, which occurred after a basketball game between Linton High School and Amsterdam High School. As the spectators were leaving the school, several groups of students engaged in a fracas or fight. The police identified the defendant as one of those participating in, or who, after being told to move on, refused to do so promptly. The officers testified that the defendant engaged in profanity in talking with the officers, and it further appears that several hundred people were congregated at or near the area where the defendant was apprehended.
The defendant, in his affidavit on appeal, sets up six alleged errors committed on the trial, and upon which this appeal is based. Upon review of the file and the record, this court finds that there is not sufficient substance in any of the errors charged to warrant a reversal of the judgment of conviction.
On the argument, the defendant’s counsel urged, as his main points, that the information was insufficient and that the People had failed in their proof to sustain the charge. On these two points this court will comment.
The information signed by Captain Joseph Monaco and sworn to before the Clerk of Police Court, on March 13, 1959, charges the defendant with the offense of disorderly conduct ‘ ‘ with intent to provoke and under circumstances whereby a breach of peace might be occasioned,” acting in such a “manner as to annoy, disturb, interfere with, obstruct and be offensive toward other persons, ’ ’ at the high school. The information is clear and definite in charging the defendant with actions which would tend to violate public order or disturb the peace. This court, therefore, finds that the information was sufficient to charge the defendant with the offense of disorderly conduct.
The testimony of the police officers identifies the defendant as one of those engaged in the fighting. Certainly participation in a fight or other violent action, or intending to provoke or, with *670 others, to break the peace, that — in the plainest language — is disorderly conduct. Such actions are bound to annoy, disturb, interfere with, obstruct and be offensive to a large number of persons leaving a place of assembly, such as a basketball game. There was also some testimony attributing profanity to the defendant. The proof also shows that several hundred people congregated because of the action of the defendant and others. This is indicative that the public, i.e. “ others,” were affected by the incident.
The trial court below heard the witnesses and avaluated their testimony. This court will not disturb the finding of the fact that the defendant was a participant in the melee and that, by reason thereof, he was guilty of disorderly conduct. Judgment of conviction affirmed. Enter order accordingly.